IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:03-cr-00059-MP-AK

JEROME W. JOHNSON,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 221, Report and Recommendation of the Magistrate Judge, which recommends that Defendant's Motion to Vacate, Doc. 189, be denied. The Magistrate Judge filed the Report and Recommendation on Tuesday, February 12, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. In this case, Defendant has filed objections to the Magistrate's Report. Doc. 222.

In the motion to vacate, Defendant raises eight claims for relief, each of which the Magistrate finds is without merit. As the Magistrate points out, the factual bases of many of the issues raised by the Defendant have already been addressed on appeal, and resolved adversely to the Defendant. In his objections, Defendant continues to assert that his plea was not knowingly and voluntarily entered into, and that his attorney was ineffective by telling him that "you're only looking at 37 to 46 months." The Magistrate rejects this contention, and cites to the transcript of the change of plea hearing where Defendant acknowledged that he faced a maximum term of life imprisonment, that a minimum mandatory sentence applied because of his prior felony conviction, and that no promises or inducements had been made to him.

It is clear from the record that Defendant's minimum mandatory 20-year sentence was triggered by his 1982 conviction for sale of cocaine–a felony offense.  The Court repeatedly informed Defendant that he was facing a minimum mandatory sentence, and Defendant stated that he understood this, and then chose to enter a plea of guilty.  Although counsel initially advised Defendant that he was not facing a mandatory minimum sentence, but instead would be facing a sentence of 37-46 months based on the probation officer's conclusion that Defendant qualified for safety valve relief, Defendant himself admitted that if safety valve relief were not given, he would face a mandatory minimum sentence.  The Government objected to the Presentence Report, arguing that Defendant did not meet the statutory requirements for application of the safety valve provision.

Although Defendant argued that a grow operation in the Middle District was relevant conduct encompassed within the charged conspiracy, he conceded that it would garner him three criminal history points if it was found to be an independent grow operation, thus making safety valve relief unavailable.  The Court found the Middle District activity to be an independent grow operation, which was upheld on appeal.  Based on this, the Court concluded that safety valve relief was unavailable to the Defendant, and that the mandatory minimum sentence applied.  Defendant was repeatedly made aware of this possibility, and counsel cannot be deemed ineffective based on his truthful representation of the possible sentencing outcomes.  Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Defendant's Motion to Vacate, Doc. 189, is DENIED.

**DONE AND ORDERED** this   *28th* day of February, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge