IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      CASE NO. 1:03-cr-00059-MP-AK

JEROME WAYNE JOHNSON,

      Defendant.

_____/

**O R D E R**

This matter is before the Court on the timely-filed Motion for Certificate of Appealability by Jerome Wayne Johnson, Doc. 231.  Mr. Johnson has presented eight requested grounds for relief.  The Court has two issues before it: whether Petitioner should be granted a Certificate of Appealability ("COA"), and if so, which issue(s) should be certified for appeal. Also, with regard to a future motion to proceed *in forma pauperis* on these eight grounds, the Court must consider whether the appeal is taken in good faith, as the term is used in Fed. R. App. P. 24(a)(3) and (4). Having considered the facts of this case and the applicable law, the Court finds that Petitioner should not be granted a certificate of appealability and that any motion to proceed *in forma pauperis* should be denied.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal.  *See* <u>Hunter v. United States</u>, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), <u>cert. denied</u>, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997).  Pursuant to the statute, "[a]

2 of 5

certificate of appealability may issue . . . only if the applicant has made a ***substantial showing*** of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (emphasis added).  Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right" [28 U.S.C. § 2253(c)(2)], "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)) If a petitioner fails to make such a showing, his or her request for a COA must be denied.  See, e.g., United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997); Hohn v. United States, 99 F.3d 892, 893 (8th Cir. 1996), petition for cert. filed (May 12, 1997) (No. 96-8986).

Here, Mr. Johnson's first two grounds for relief concern his trial counsel's advice to him that he could face a maximum mandatory penalty of life in prison if he went to trial.  His second two grounds for relief concern his assertion that he was never informed he faced a 20 year mandatory minimum sentence by pleading guilty.  His fifth claim for relief concerns his assertions that his attorney gave him incorrect advice and the Court failed to explain his sentencing exposure.  To determine the validity of these claims, the Court will examine the record.

In fact, at Mr. Johnson's change of plea hearing on February 17, 2007, he acknowledged that  the Court could impose a mandatory minimum of life imprisonment, based on his two prior

felony drug convictions.  Doc. 156 at 14-15.  The Court then asked the Defendant: "Do you understand further, Mr. Johnson, that since the statute here involved does require the imposition of a mandatory minimum sentence, that the sentence must be imposed upon you even though your guidelines might call for a lesser term of imprisonment?"  Mr. Johnson replied: "I understand, Your Honor."  *Id*. at 16.  Defendant also told the Court that no promises or inducements had been made to him and that no one had used "any type of threat, force, pressure, intimidation of any type" to make him plead guilty.  *Id.* at 24-25.

Since Mr. Johnson's attorney advised him correctly that he faced a possible life sentence, no reasonable jurist would find that Mr. Johnson should receive relief based on his claim of erroneous representations by his attorney, which make up his first two claims for relief.  Because Mr. Johnson himself acknowledged that he faced a mandatory minimum sentence beyond the guideline range, no reasonable jurist would find that Mr. Johnson should receive relief based on his claim of ignorance of the mandatory minimum, his third and fourth claims for relief. Because Mr. Johnson's attorney explained that he could be facing a mandatory minimum, and the Court further explained it, no reasonable jurist would grant Mr. Johnson's fifth claim for relief, alleging the opposite.

Mr. Johnson's sixth claim for relief concerns his assertions that his attorney failed to provide constitutionally sufficient representation during sentencing.  Mr. Johnson's attorney filed objections to the original pre-sentence report, Doc. 117, arguing successfully to reduce Mr. Johnson's sentence from a mandatory minimum life sentence to a mandatory 20 years.  He filed another motion, and an amended version, arguing that the Court should not enhance Mr. Johnson's sentence based on his felony drug conviction in the Middle District of Florida because that sentence had not yet become final.  Docs. 119, 120.  Mr. Johnson's attorney continued to

fight on his behalf, appearing before the Court twice to argue orally on the issues surrounding Mr. Johnson's sentencing, submitting motions for reconsideration, requesting evidentiary hearings, and even requesting a continuance to research the possibility of withdrawing the guilty plea based on adverse rulings. The Court denied those motions, as well as the motion to withdraw the guilty plea, finding "It appears . . . that the sole basis [for the motion to withdraw his guilty plea] is that he is unhappy with the sentence." Doc. 158, p. 18-19. No reasonable jurist could find that Mr. Johnson's attorney was unconstitutionally deficient in his representation of Mr. Johnson. On the contrary, he was zealous and diligent in attempting to protect Mr. Johnson's interest. Mr. Johnson's sixth claim for relief is without legal merit.

Mr. Johnson's seventh claim for relief complains that this Court improperly adopted a finding from the Magistrate Judge's Report and Recommendation, Doc. 221. Specifically, Mr. Johnson complains that his guilty plea was not made with sufficient knowledge. Mr. Johnson has made no substantial showing that he lacked sufficient knowledge of the risks of his guilty plea, as discussed above. Further, this Court adopted the extensive research and analysis of the Magistrate Judge only after performing complete *de novo* review of the record in light of Mr. Johnson's objections to the Report and Recommendation. No reasonable jurist could find that Mr. Johnson has made a substantial showing of the violation of any constitutional right by the manner in which this Court reviewed his *habeas corpus* petition and denied it.

Mr. Johnson's eighth and final claim for relief alleges that this Court was wrong to discuss the results of his direct appeal in its *habeas corpus* analysis. Specifically, this Court found during sentencing that Mr. Johnson's felony narcotic activity in the Middle District of Florida was independent of the Gainesville charges, such that he was not entitled to the safety valve and faced a mandatory minimum sentence instead of the lesser guideline sentence. On

*habeas corpus* review, the Magistrate Judge and this Court discussed the points appealed in order to analyze whether Mr. Johnson's counsel had been effective in litigating those points. Mr. Johnson has not made a substantial showing that the Court violated his rights by doing so. Indeed, in order to analyze thoroughly whether Mr. Johnson had effective assistance of counsel, the points on which he believes his counsel was ineffective must be reviewed. No reasonable jurist would grant Mr. Johnson relief on his eighth claim.

Accordingly, no reasonable jurists would debate the fact that petitioner's habeas corpus petition was properly dismissed. Consequently, Petitioner cannot make a substantial showing of the violation of a constitutional right and the Application for Certificate of Appealability should be denied.

Also, for the reasons given above, Petitioner's appeal is without legal merit, and therefore considered frivolous. The Court hereby certifies, pursuant to Fed. R. App. P. 24(a)(3) and (4), that the appeal is not taken in good faith, such that an appeal may not be taken *in forma pauperis*. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    Petitioner's Motion for a Certificate of Appealability, Doc. 231, is DENIED.

2.    The Court certifies that Mr. Johnson's appeal is not taken in good faith, and that he may not appeal *in forma pauperis*.

3.    The clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this   *5th* day of April, 2010

_____*s/Maurice M. Paul*_____

Maurice M. Paul, Senior District Judge